UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Alton W. Taylor, III, | ) Civil Action No. |
| | ) 3:12-cv-39 |
| *Plaintiff,* | ) |
| v. | ) |
| Michael W. Maxey and M&P Grading | ) |
| Contractors, Inc., | ) **JURY DEMAND** |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

COMES NOW Plaintiff Alton W. Taylor, III (hereinafter "Plaintiff"), and files this lawsuit against Defendants Michael W. Maxey and M&P Grading Contractors, Inc. (hereinafter collectively "Defendants"), and shows the following:

### I. Jurisdiction and Venue

1.

This action seeks monetary damages, unpaid wages, liquidated and actual damages and attorneys' fees and costs for Defendants' failure to pay Plaintiff wages he is owed as a result of working for M&P Grading Contractors, Inc., in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201

*et seq.* (hereinafter "FLSA), OCGA 11-1-203, 13-1-5, 13-6-11, 34-7-2 and Georgia common law.

2.

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

3.

Plaintiff also asserts claims under Georgia State Law and this Court may exercise supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. §1367.

4.

Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Middle District of Georgia because: (1) the Defendant is within the Middle District of Georgia and (2) the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Middle District of Georgia.

## II. Parties

5.

Plaintiff is a resident of Oconee County, Georgia.

6.

Plaintiff worked for the Defendants from July 1993 through April 4, 2011. He was hired as a site foreman, was promoted to Vice President of Field Operations, and at the time of his separation was Vice President. He was an "employee" of Defendants as defined under 29 U.S.C. §203(e).

7.

Defendant M&P Grading Contractors, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

8.

Defendant Michael W. Maxey, is the CEO, CFO and Secretary of Defendant M&P Grading Contractors, Inc., and made the decision to not pay Plaintiff for his services.

9.

Defendant M&P Grading Contractors, Inc., is an "employer" within the definition of 29 U.S.C. §203(e).

10.

Defendant Michael W. Maxey, is an "employer" within the definition of 29 U.S.C. §203(e).

11.

Defendants are governed by and subject to the Fair Labor Standards Act.

### III. Statement of Facts

12.

During the last approximate four months of his employment Plaintiff was not paid at all for the time he worked. Plaintiff often worked more than forty hours per week for which he also has not been compensated during this time period.

13.

Plaintiff has made a demand for $16,880 in unpaid wages but Defendants have failed and refused to pay said amount.

### Count I - Violation of the Fair Labor Standards Act

14.

Defendants have violated the Fair Labor Standards Act by failing to pay him at all for the time he worked from approximately December, 2010 through

April 6, 2011, including time and one-half premium for all hours worked over 40 per week.

15.

Defendants have not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

### Count II – Breach of Contract

16.

By refusing to pay Plaintiff, Defendants have breached their contract with Plaintiff to pay him a salary for each week that he worked.

17.

As a result of Defendants failure to pay Plaintiff, Defendants are liable to Plaintiff for the unpaid amounts owed, plus pre-judgment interest as allowed by OCGA 7-4-15.

### Count III-Violation of OCGA 34-7-2

18.

By refusing to pay Plaintiff, Defendants have violated OPCGA 34-7-2, which requires payments of wages earned in a timely manner.

19.

As a result of Defendants failure to pay Plaintiff, Defendants are liable to Plaintiff for the unpaid amounts owed.

### Count IV- Bad Faith

20.

Defendants have acted in bad faith in their refusal to pay Plaintiff the wages he has earned.

21.

Defendants have caused Plaintiff unnecessary trouble and expense as a result of their refusal to pay Plaintiff his wages earned.

22.

As a result of Defendants' actions Plaintiff is entitled to his attorneys' fees and costs as provided by OCGA 13-6-11.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages, liquidated damages, prejudgment interest, court costs, and reasonable

attorneys' fees; and,

(C)     Award Plaintiff such further and additional relief as may be just

and appropriate.

Respectfully submitted this 3rd day of April, 2012.

                              s/Janet E. Hill
                              Janet E. Hill
                              Georgia Bar No. 354230
                              HILL & ASSOCIATES, P.C.
                              Attorneys for Plaintiff
                              1160 S. Milledge Ave, Suite 140
                              Athens, Georgia 30605
                              (706) 353-7272
                              janetehill@bellsouth.net