# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("the Agreement") is made and entered into by and between Alton W. Taylor, III ("Taylor") and Michael W. Maxey ("Maxey") and M&P Grading Contractors, Inc. ("M&P") and collectively referred to as Releasees or Defendants.

## WITNESSETH

WHEREAS, Taylor was previously employed by M&P;

WHEREAS, Taylor has filed a lawsuit against Defendants styled Alton W. Taylor, III v. Michael W. Maxey and M&P Grading Contractors, Inc.; United States District Court; Middle District of Georgia; Athens Division, Civil Action #1:08-cv-03767-CAR, which is currently pending (the "Lawsuit"), alleging that Defendants violated the Fair Labor Standards Act codified at § 29 U.S.C. § 201 et seq.;

WHEREAS, the Defendants deny all claims in the Lawsuit;

WHEREAS, Taylor and the Defendants have agreed to resolve this Lawsuit, a, and,

NOW, THEREFORE, in consideration of the special monetary consideration and the mutual promises contained herein, Defendants and Taylor agree as follows:

1. Payment. Defendants agree to make payment to Taylor and his counsel in the total sum of Twelve Thousand Five Hundred Dollars ($12,500.00). These payments will be delivered to Janet E. Hill, Hill & Associates, PC, 1160 S. Milledge Ave., Suite 140, Athens, GA 30605. The payments shall be made in four installments, the first three in the amount of Three Thousand Three Hundred Dollars ($3,300.00), and the fourth and final installment in the amount of Two Thousand Six Hundred ($2,600.00). The first payments shall be made within ten (10) days after the Court's approval of this Agreement. The remaining payments shall be made within thirty (30) days from the date the prior payment is made. The payments shall be made as follows:

(a) The first payment shall be a check made payable to Taylor (Social Security No. 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) in the amount of Three Thousand and Three Hundred Dollars ($3,300.00), less applicable withholdings, for alleged back pay. M&P will issue a Form W-2 to Taylor in connection with this payment.

(b) The second payment shall be a check made payable to Janet E. Hill, Hill & Associates, PC, (Federal Taxpayer I.D. No. 20-5920544), in the amount of Three Thousand and Three Hundred Dollars ($3,300.00) for attorneys' fees and costs. M&P will issue a Form 1099 to Hill & Associates, PC in connection with this payment.

(c) The third payment shall be a check made payable to Taylor (Social Security No. 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) in the amount of Three Thousand and Three Hundred Dollars ($3,300.00), for alleged liquidated damages. M&P will issue a Form 1099 to Taylor in connection with this payment.

(d) The final payment shall be made in the checks as follows:

(i) A check made payable to Taylor (Social Security No. 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) in the amount of Eight Hundred Eighty Seven Dollars and Fifty Cents ($887.50), less applicable withholdings, for alleged back pay. M&P will issue a Form W-2 to Taylor in connection with this payment.

(ii) A check made payable to Janet E. Hill, Hill & Associates, PC, (Federal Taxpayer I.D. No. 20-5920544), in the amount of Eight Hundred and Twenty Five Dollars ($825.00) for attorneys' fees and costs. M&P will issue a Form 1099 to Hill & Associates, PC in connection with this payment.

(iii) A check made payable to Taylor (Social Security No. 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) in the amount of Eight Hundred Eighty Seven Dollars and Fifty Cents ($887.50),

for alleged liquidated damages. M&P will issue a Form 1099 to Taylor in connection with this payment.

The payments described above are in full satisfaction of all FLSA claims of Taylor, asserted or unasserted, against Defendants, and is consideration to which Taylor is not otherwise entitled. Taylor and his attorneys shall have sole responsibility for the allocation, if any, of the payments among themselves, and Defendants shall have no liability or responsibility whatsoever for any allocation of the payments. Taylor agrees to be responsible for payment of any and all taxes owed in connection with the payments described in the above paragraphs, and to indemnify and hold Defendants harmless from all tax liabilities or penalties that may arise from its payment of such sums. Taylor acknowledges and agrees that he will indemnify and hold harmless Defendants in the event that any federal, state, or local taxing authority asserts against Defendants any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the above settlement payments. Taylor has not in any way relied upon Defendants as to any legal or tax advice as to the allocation or taxability of the settlement payments. Instead, Taylor has relied entirely on the advice of his own tax advisor(s).

In the event Defendants default in the payment of any installment when due, Plaintiff shall notify Defendants and Defendants' counsel by email of said default. Defendants shall have seven (7) calendar days to cure the default. If the defaulted payment as set forth above is not received by Plaintiff's counsel within ten (10) calendar days of the due date, an additional penalty of $200.00 will be owed by Defendants.

2. No Admissions. This Agreement shall not be construed as an admission by Defendants or by any of Defendants' current or former officers, employees, predecessor companies, or agents of a violation of any federal, state, or local statute, regulation or other law, or of a violation of any right of Taylor, or of any other person. Defendants specifically disclaim any liability to Taylor.

3. Dismissal of Lawsuit with Prejudice. Within five (5) days after the final payment is made under this Agreement, Taylor agrees that his attorney will sign and file a Stipulation of Dismissal with Prejudice of the Lawsuit, with each party to bear its own costs and attorneys' fees.

4. No Other Complaints or Charges. Taylor represents and warrants that he has not filed any complaints or charges against the Releasees in any court or with any other state, local, or federal agency. Taylor agrees that he will not hereafter file, pursue, or participate in any claims, grievances, complaints, charges, or lawsuits alleging a violation of the FLSA by the Releasees based on anything that has occurred up to the present date. Taylor further acknowledges that should any administrative complaint or charge be filed against the Releasees (or any of them) with any federal, state, or local agency, Taylor will have no right to recover damages or obtain relief of any kind based on anything that has occurred up to the present date.

5. Confidentiality. Maxey and Taylor agree that they will keep the terms of this Agreement completely confidential. Maxey and Taylor agree that, except as required by law or authorized in writing by other party, they will not disclose any information concerning the Agreement to anyone other than their legal representatives and tax advisors, who will be informed by them of, and agree to be bound by, this confidentiality clause before he shares such information. The parties further acknowledge that this promise of confidentiality is a material

consideration for Maxey and Taylor entering into this Agreement. Maxey and Taylor agree that if they breach this confidentiality provision, the breaching party will pay to the other party liquidated damages in the amount of five hundred dollars ($500.00) for each breach. Maxey and Taylor agree that in the event that they learns that any court is asked by anyone to order disclosure of information about this Agreement or contemplates ordering such disclosure, Maxey and Taylor will provide immediate written notice of such information to the other party's attorney. Notice to the Defendants will be made to K.P. Reddy, The Reddy Law Firm, PC, 1325 Satellite Boulevard, Suite 1506, Suwanee, Georgia 30024; Telephone No. (678) 629-3246; Facsimile No. (678) 629-3247; Email: kpr@reddylaw.net. Notice to the Plaintiff will be made to Janet E. Hill, 1160 S. Milledge Ave., Suite 140, Athens, GA 30605; 706-353-7272; Facsimile No. 706-549-8446; Email: janetehill@bellsouth.net. The parties agree to give such notice in a manner reasonably calculated to give the other party an opportunity to be heard before the court rules on the disclosure request. Nothing in this provision shall prevent the parties from complying with any administrative agency, directive, court order, subpoena, or other valid legal process.

6. Non-Assignability of Claims. Taylor represents and warrants that he has not assigned to any other person, and that no such person is entitled to assert on his behalf, any Claims based on or arising out of his employment with Defendants. Taylor agrees to indemnify and hold harmless the Releasees from and against any such claim or claims that are asserted to recover for any alleged violation of law against Taylor.

7. Entire Agreement. Taylor affirms that the only consideration for his signing this Agreement is the promises stated herein; that no other promise, representation, or agreement of any kind has been made to or with him by any person to cause him to sign this Agreement; and

that he fully understands the meaning of this instrument. This document contains the entire agreement between Taylor and Defendants regarding his FLSA claims, and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof, and the terms of this document are contractual and not a mere recital.

8. Modification. No provision of this Agreement may be changed, altered, modified or waived, except in writing and signed by Taylor and the President of Defendants, which writing shall specifically reference this Agreement and the provisions which the parties intend to waive or modify.

9. Consideration. Taylor acknowledges that he has been advised to seek the advice of an attorney and has been given a reasonable opportunity to consider it. Taylor acknowledges he has obtained all advice and counsel he needs to understand each of the terms and conditions of this Agreement.

10. Binding Effect. This Agreement will be binding upon the parties hereto and upon his next of kin, heirs, administrators, representatives, executors, successors, and assigns, and will inure to the benefit of Defendants and the Releasees, and each of them, and to his next of kin, heirs, administrators, representatives, successors, and assigns.

11. Governing Law and Enforcement. This Agreement is made and entered into in the State of Georgia and will be interpreted, enforced, and governed under the laws of Georgia. The language of all parts of this Agreement will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

12. Severability. Should any provision of this Agreement be declared or be determined by any court or arbitrator to be illegal or invalid, the validity of the remaining parts, terms, or

provisions will not be affected, and the illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement.

13. Enforcement. In the event any party seeks to enforce any provision in this Agreement, the prevailing party shall be entitled to reasonable costs and attorneys' fees.

14. Taylor acknowledges that:

HE HAS READ THIS AGREEMENT, AND HE UNDERSTANDS ITS TERMS AND CONDITIONS;

HE HAS HAD THE OPPORTUNITY TO OBTAIN ALL ADVICE AND INFORMATION HE DEEMS NECESSARY ABOUT MATTERS RELATING TO THIS AGREEMENT;

HE HAS NOT BEEN COERCED INTO SIGNING THIS AGREEMENT, AND HE VOLUNTARILY AGREES TO ABIDE BY ITS TERMS BECAUSE THEY ARE SATISFACTORY TO HIM;

NO PROMISE OR INDUCEMENT OF ANY KIND HAS BEEN MADE TO HIM BY DEFENDANTS OR ANYONE ELSE TO CAUSE HIM TO SIGN THIS AGREEMENT, EXCEPT AS SET FORTH ABOVE; AND,

THE PAYMENTS THAT HE WILL RECEIVE AS A RESULT OF SIGNING THIS AGREEMENT ARE ADEQUATE AND ARE THE ONLY CONSIDERATION FOR THIS AGREEMENT.

ALTON W. TAYLOR, III

Date: 7-30-12

Subscribed and sworn to before me
this 30th day of July,
and notarized by me on said date.

NOTARY PUBLIC
My Commission Expires:

AMANDA D BLALOCK
NOTARY PUBLIC
ATHENS-CLARKE COUNTY, GA
MY COMMISSION EXPIRES
MAY 21, 2014

I, Janet E. Hill, represent and declare that I am the attorney for Alton W. Taylor, III. I represent and warrant that I have explained this Agreement to Alton W. Taylor, III, and he has acknowledged that he has read it and understands the contents of such document.

Dated: 7/30/12
By: ______________________
JANET E. HILL
Counsel for Alton W. Taylor, III

______________________
MICHAEL W. MAXEY FOR ALL DEFENDANTS
Date: ______________________

Subscribed and sworn to before me
this ______ day of __________,
and notarized by me on said date.

______________________
NOTARY PUBLIC

ALTON W. TAYLOR, III

Date: ______________________

Subscribed and sworn to before me
this ______ day of __________,
and notarized by me on said date.

NOTARY PUBLIC
My Commission Expires:__________

I, Janet E. Hill, represent and declare that I am the attorney for Alton W. Taylor, III. I represent and warrant that I have explained this Agreement to Alton W. Taylor, III, and he has acknowledged that he has read it and understands the contents of such document.

Dated:________________
By: ________________________________
JANET E. HILL
Counsel for Alton W. Taylor, III

MICHAEL W. MAXEY FOR ALL DEFENDANTS
Date: 7/27/12

Subscribed and sworn to before me
this 27 day of July,
and notarized by me on said date.

NOTARY PUBLIC

KARL C. BERG
NOTARY PUBLIC
EXP. SEPTEMBER 8, 2014
OCONEE COUNTY, GA