IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ALTON W. TAYLOR, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:12-CV-39 (CAR) |
| | : | |
| | : | |
| MICHAEL W. MAXEY, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

*ORDER GRANTING MOTION TO APPROVE FLSA SETTLEMENT &
APPROVING AMOUNT OF REQUESTED ATTORNEY'S FEES*

Currently before the Court are the Second Consent Motion and Memorandum Seeking Approval of the Parties' Stipulated Settlement Agreement [Doc. 8] and Plaintiff's request to approve the negotiated amount of attorney's fees. As explained below, the Court **GRANTS** the parties' Motion, approves the negotiated amount of attorney's fees, and hereby DISMISSES this case with prejudice.

Plaintiff Alton W. Taylor, III, a former employee of Defendant M&P Grading Contractors, Inc., filed suit against Defendants seeking to recover unpaid compensation allegedly withheld from him by Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The parties have

1

now agreed to settle the claims and are seeking judicial approval of the settlement agreement as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982).

*Motion to Approve the Settlement Agreements*

In accordance with the Court's prior Order [Doc. 7], the parties have modified the settlement agreement to limit Plaintiff's release to the FLSA claims. In reviewing a settlement of a FLSA private claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of unpaid wages Plaintiff is entitled to receive.  Having reviewed the amended settlement agreement, the Court concludes that the settlement terms in the agreement are fair and reasonable resolutions of the bona fide disputes.  Thus, the Court **GRANTS** the Amended Motion to approve the

settlement agreement.

*Attorney's Fees*

Judicial scrutiny of FLSA settlements encompasses not only the amounts paid to employees to resolve their FLSA claims, but also the amount for attorney's fees paid pursuant to those settlements.  See Siva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).   "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id.  Thus, this Court must review the negotiated amount of attorney's fees to be paid to Plaintiff pursuant to the settlement agreement for reasonableness.

The law provides that "[a] request for attorney's fees should not result in a second major litigation."  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted). It is "perfectly proper to award attorney's fees based solely on affidavits in the record." Id.  "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with our

without the aid of witnesses." Id. (internal quotation marks and citation omitted).

In calculating a reasonable attorney's fee award, the Court must determine the "lodestar," wherein the Court considers the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate." Id. at 1302.  Under the settlement agreement in this case, Plaintiff's attorney will receive a total of $3,300.00 for approximately 27.5 hours of work expended, which amounts to a rate of $220.00 per hour.

First, the Court must evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299.  Here, Plaintiff requests an hourly rate of $220.00.  Plaintiff's attorney has submitted an affidavit attesting to the reasonableness of this request.  Having considered and weighed the evidence, counsel's reputation and experience in the areas of the applicable law, and the Court's familiarity with FLSA litigation and attorney's fees in general, the Court finds that the hourly rate of $220.00 is reasonable and should be awarded in this case.

Next, this Court must evaluate Plaintiff's requested fee for reasonableness in terms of the total number of hours expended by counsel. Plaintiff's counsel requests an award for approximately 27.5 hours expended in this litigation. Having considered and weighed the evidence, this Court finds the hours spent on this case to be reasonable. Plaintiff's attorney avers "that the hours billed and for which compensation is requested were reasonably incurred and consistent with the hours typically expended in cases similar to this one." Moreover, Defendants have no objection to the number of hours Plaintiff's counsel spent litigating this case. Thus, this Court finds that the attorney's fees to be paid under the settlement agreement is reasonable and does not taint the amount that Plaintiff agreed to accept in settlement of his FLSA claims.

The settlement agreement also provides for the reimbursement of Plaintiff's litigation costs. The Court finds these costs are reasonable and should be approved pursuant to 29 U.S.C. § 216(b).

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** the parties' Second Consent Motion and Memorandum Seeking Approval of the Parties' Stipulated Settlement Agreement [Doc. 8], and approves the negotiated amount of attorney's fees to be paid to Plaintiff's counsel and reimbursement for litigation

costs, as specified in the settlement agreement.  This case is hereby DISMISSED with prejudice.

**SO ORDERED** this 7th day of August, 2012.

S/  C. Ashley Royal  
C. Ashley Royal  
United States District Judge

SSH